UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| WONDALYN SHANTE BAILEY, | ) | CASE NO. 20-62468-SMS |
| | ) | |
| Debtor. | ) | |
| ------------------------------------ | )------------------------------------ | |
| | ) | |
| S. GREGORY HAYS, Chapter 7 Trustee | ) | |
| For the Estate of Wondalyn Shante Bailey, | ) | |
| | ) | |
| Movant, | ) | CONTESTED MATTER |
| v. | ) | |
| | ) | |
| CARRINGTON MORTGAGE SERVICES, LLC,) | | |
| THE FAIRWAY'S AT COTTONFIELDS | ) | |
| HOMEOWNERS ASSOCIATION, INC., | ) | |
| HENRY COUNTY TAX COMMISSIONER, | ) | |
| WONDALYN SHANTE BAILEY, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**TRUSTEE'S MOTION FOR AUTHORITY TO (A) SELL PROPERTY OF THE
BANKRUPTCY ESTATE FREE AND CLEAR OF ALL LIENS, INTERESTS, AND
ENCUMBRANCES AND (B) DISBURSE CERTAIN PROCEEDS AT CLOSING**

COMES NOW S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy

estate of Wondalyn Shante Bailey ("**Debtor**"), pursuant to 11 U.S.C. §§ 363(b), (f), and (m), and

Fed. R. Bankr. P. 2002(a)(2), 6004(a), 6004(c) and 9014, by and through undersigned counsel,

and files *Trustee's Motion for Authority to (A) Sell Property of the Bankruptcy Estate Free and*

*Clear of Liens, Interests, and Encumbrances and (B) Disburse Certain Proceeds at Closing* (the

"**Sale Motion**"). In support of the Motion, Trustee respectfully shows the Court as follows:

16071645v1

## Venue and Jurisdiction

1.      This Court has jurisdiction over this Sale Motion under 28 U.S.C. §§ 157 and 1334.  Venue of this case in this District is proper under 28 U.S.C. §§ 1408 and 1409.  This Sale Motion is a core proceeding under 28 U.S.C. § 157(b)(2).

## Background

### a. General Background

2.      On February 9, 2020 (the "**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, initiating Case No. 20-62468-SMS (the "**Bankruptcy Case**").

3.      Also on the Petition Date, Debtor filed under penalty of perjury her *Statement of Financial Affairs* and *Schedules "A"* through *"J"* and *Other Bankruptcy Documents* (collectively, the "**Sworn Schedules**").

4.      On or about February 10, 2020, Trustee was appointed as the interim Chapter 7 Trustee under 11 U.S.C. § 701(a)(1).

5.      The original meeting of creditors was scheduled for March 17, 2020, in accordance with 11 U.S.C. § 341(a) (the "**Meeting of Creditors**") but was rescheduled due to the pandemic to be held telephonically on April 21, 2020.  Trustee conducted and concluded the Meeting of Creditors on April 21, 2020, and thereafter, Trustee became the permanent Chapter 7 trustee, under 11 U.S.C. § 702(d).

6.      At the commencement of the Bankruptcy Case, the bankruptcy estate was created under 11 U.S.C. § 541(a) (the "**Bankruptcy Estate**"), and the Bankruptcy Estate includes all Debtor's legal or equitable interests in property as of the commencement of the Bankruptcy Case and any interest in property that the Bankruptcy Estate acquired after commencement of the

16071645v1

Bankruptcy Case. 11 U.S.C. § 541(a)(1) and (7).

7.      Trustee is the sole representative of the Bankruptcy Estate. 11 U.S.C. § 323(a).

8.      The duties of Trustee include his obligation to "collect and reduce to money the property of the estate." 11 U.S.C. § 704(1).

9.      Trustee filed his *Application to Appoint Attorneys for Trustee* [Doc. No. 21] on August 4, 2020, requesting an order authorizing the appointment of Arnall Golden Gregory LLP as attorneys for Trustee, and on August 5, 2020, the Court entered an *Order* [Doc. No. 22] approving this application.

### b. The Property

10.      On her *Schedule A/B: Property* [Doc. No. 1 at page 15 of 61], Debtor scheduled her sole ownership interest in that certain improved real property known generally as 233 Long Drive, McDonough, Henry County, Georgia 30253 (the "**Property**").

11.      On her *Schedule C: The Property You Claim as Exempt* [Doc. No. 1 at page 21 of 61], Debtor scheduled an exemption in the Property of $21,500.00 under O.C.G.A. § 44-13-100(a)(1) (the "**Homestead Exemption**").

### c. Alleged Liens, Interests, and Encumbrances

12.      On her *Schedule D: Creditors Who Have Claims Secured by Property* [Doc. No. 1 at page 23 of 61], Debtor scheduled one (1) claim on or against the Property in the amount of $125,190.00[1] in favor of Carrington Mortgage Services ("**Carrington**").

13.      Trustee has obtained a full title examination report for the Property dated September 16, 2020 (the "**Title Report**"), which confirmed the security interest of Carrington.

---

[1]      Debtor produced a statement of account to Trustee for this debt, and the balance as of August 12, 2020 was $96,890.22, which is significantly (about $30,000.00) less than the amount that she scheduled.

14.     The Title Report reflects no other liens, interests, or encumbrances on or against the Property with the exception of the Bankruptcy Estate's pro-ration of 2021 *ad valorem* real property taxes due the Henry County Tax Commissioner ("**Henry County**").[2] The Title Report also indicates that the Property is protected by the covenants and bylaws of The Fairway's at Cottonfields Homeowners Association (the "**HOA**"). However, Debtor scheduled no debt to the HOA in her Sworn Schedules.

15.     On September 30, 2020, Trustee filed his *Application to Employ Real Estate Agent Under Listing Agreement* [Doc. No. 26], see authority to employ Humphries & King Realty and John V. Ball (collectively, the "**Broker**") as the listing agent for the Bankruptcy Estate, at a starting list price of $195,500.00 with a six percent (6%) commission of the sale price. On September 30, 2020, the Court entered an *Order* [Doc. No. 27], authorizing the employment of the Broker.

### Request for Authority to Sell Property of the Estate
### Free and Clear of all Liens, Interests, and Encumbrances
### Pursuant to 11 U.S.C. §§ 363(b) and (f)

16.     After much negotiation, Trustee entered into a *Purchase and Sale Agreement* for the sale of the Property to W. Y. International LLC (the "**Purchaser**"), "as is, where is," for an ***all-cash*** sale price of $180,000.00 (the "**Purchase Price**"), subject to Bankruptcy Court approval (the "**Contract**"). A true and correct copy of the Contract is attached hereto and incorporated herein by reference as Exhibit "A."

17.     The Purchaser was procured through the efforts of Trustee, is a *bona fide* purchaser, and not an insider of Debtor, Trustee, or the Broker. The Purchaser has submitted an

---

[2]     Based on the 2020 tax bill in the amount of $2,275.63, the Bankruptcy Estate's 2021 *ad valorem* tax pro-ration would be in the amount of $268.09.

earnest money deposit in the amount of $3,600.00.

18.    Trustee's proposed Contract for an *all-cash* Purchase Price of $180,000.00 is the highest and best offer that Trustee has received, is subject to no contingencies, and represents an appropriate selling price for the Property.

19.    Subject to Bankruptcy Court approval, the closing of the sale of the Property is currently scheduled for February 12, 2021 (the "**Closing**").

## Legal Analysis

### a. Sale Free and Clear

20.    Section 363 of the Bankruptcy Code authorizes a trustee "after notice and a hearing . . . [to] use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ." 11 U.S.C. § 363(b)(1).  Section 105 of the Bankruptcy Code grants this Court the authority to "issue any order, process, or judgment necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

21.    The standard to grant a sale of property outside of the ordinary course of business is the sound business judgment of the trustee.  *In re Chateaugay*, 973 F.2d 141 (2d Cir. 1992); *Stephens Indus. v. McClung*, 789 F.2d 386, 390 (6th Cir. 1986); *In re Abbotts Dairies of Penn., Inc.*, 788 F.2d 143 (3d Cir. 1986); *Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983).  In this regard, a trustee's showing need not be exhaustive; rather, a trustee is "simply required to justify the proposed disposition with sound business reason." *In re Baldwin United Corp.*, 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984)

22.    In turn, Section 363(f) of the Bankruptcy Code authorizes a trustee to sell property under 11 U.S.C. § 363(b) free and clear of any interest in the subject property if, among other things, the price at which the property is to be sold is greater than the aggregate of the liens

on such property, or if such interest is the subject of a bona fide dispute.  11 U.S.C. § 363(f)

(2018).  Specifically, that code section provides:

> (f) The trustee may sell property under subsection (b) or (c) of this section free
> and clear of any interest in such property of an entity other than the estate, only if-
>
> (1)    applicable nonbankruptcy law permits sale of such property free
>        and clear of such interest;
> (2)    such entity consents;
> (3)    such interest is a lien and the price at which such property is to be
>        sold is greater than the aggregate value of all liens on such
>        property;
> (4)    such interest is in bona fide dispute; or
> (5)    such entity could be compelled, in a legal or equitable proceeding,
>        to accept a money satisfaction of such interest.

*Id.*

23.    As set forth above and below, Trustee can, under 11 U.S.C. § 363(f), sell the

Property free and clear of all liens, claims, interests, and encumbrances with any lien (to the

extent valid, perfected, enforceable, and unavoidable) attaching to the proceeds of the sale with

the same priority and extent as they had in the Property.

24.    Carrington, Henry County, and the HOA have the only liens on or against the

Property and the sum of those liens is approximately $100,000.00.  As a result, the proposed

Purchase Price is significantly greater than the amounts owed to Carrington, Henry County and

the HOA, satisfying 11 U.S.C. § 363(f)(3).  In sum, Trustee can sell the Property free and clear

of the claims of Carrington, Henry County, and the HOA.

25.    The proposed sale of the Property is one not in the ordinary course of business, as

provided by 11 U.S.C. § 363(b). Any lien to the extent valid, perfected, enforceable and

unavoidable will attach to the proceeds of the sale as provided by 11 U.S.C. § 363(f).

### b. Good Faith of Trustee and Purchaser

26.     Moreover, 11 U.S.C. § 363(m) provides that the reversal or modification on appeal of an authorization of a sale or lease of property does not affect the validity of the sale or lease under such authorization to an entity that purchased or leased the property in good faith. *See* 11 U.S.C. § 363(m).

27.     Although the Bankruptcy Code does not define good faith, courts have recognized that the kind of misconduct that would destroy a good faith status involves fraud, collusion between the purchaser and other offerors or the trustee, or an attempt to take grossly unfair advantage of other offerors.  *See In re Abbott Dairies of Pa., Inc.*, 788 F.2d 143, 147 (3d Cir. 1986).

28.     Trustee and Purchaser have proceeded in good faith, and the Purchaser is a *bona fide,* good-faith purchaser and not an insider of Debtor, Trustee, or the Broker.  Consequently, Trustee and Purchaser are entitled to the protections of 11 U.S.C. § 363(m).

### Request for Authority to Disburse Certain Proceeds at Closing

29.     Trustee requests authority to have all sale proceeds paid to him at Closing and for authority to have paid at Closing: (a) the full loan payoff to Carrington; (b) all outstanding *ad valorem* real property taxes to Henry County (none anticipated); (c) the Bankruptcy Estate's pro-ration of the 2021 *ad valorem* county real property taxes due Henry County estimated at $268.09 (based on the 2020 tax bill in the amount of $2,275.63); (d) real estate commission of six percent (6%) of the Purchase Price in the amount of $10,800.00; (e) any capital gains or other taxes related to the sale (none anticipated); (f) water and sewer liens (none anticipated); (g) Debtor's claimed exemption in the Property in the amount of $21,500.00; and (h) all other costs of sale, or costs necessary to close a sale of the Property.

16071645v1

30.    All other distributions will be made only upon further order of the Court.

31.    To the extent funds are disbursed at Closing by a party other than Trustee, Trustee requests that such party be treated as Trustee's designated and authorized agent.

32.    Based on the above proposed distributions, Trustee estimates that the proposed sale will result in approximately $50,000.00 coming into the Bankruptcy Estate, all of which will be available to distribute in accordance with 11 U.S.C. § 726.   In other words, upon information and belief, the proposed sale of the Property to Purchaser will allow Trustee to make a meaningful distribution to holders of unsecured claims against the Bankruptcy Estate.

### Other Relief Requested

33.    In addition, Trustee requests that the Court waive the stay of the order approving the proposed sale as authorized under Rule 6004(h) of the Federal Rules of Bankruptcy Procedure.

34.    Finally, following notice to all creditors and parties in interest of the Sale Motion, the date of the Hearing, Trustee invites any and all parties wishing to submit a competing cash bid which exceed the present Contract by **at least $7,000.00,** supported by earnest money of **at least two percent (2%) of the bid price**, with no contingencies, and the ability to close within ten (10) days from Bankruptcy Court approval.

WHEREFORE, Trustee respectfully requests that the Court enter an Order:

(a)    Granting the Sale Motion;

(b)    Authorizing and approving the Contract and the sale of the Property free and clear of all liens, interests, and encumbrances;

(c)    Authorizing the distribution of certain proceeds at Closing, as set forth herein;

(d)    Authorizing the proposed sale to be consummated immediately as allowed by

Federal Rules of Bankruptcy Procedure Rule 6004(h); and

      (e)     Granting such other and further relief as the Court deems just or appropriate.

Respectfully submitted this 13th day of January, 2021.

                     ARNALL GOLDEN GREGORY, LLP
                     *Attorneys for Trustee*

                     By:*/s/ Michael J. Bargar*

171 17th Street, NW, Suite 2100       Michael J. Bargar
Atlanta, Georgia 30363-1031         Georgia Bar No. 645709
Tele: (404) 873-7030 / Fax: (404) 873-7031   michael.bargar@agg.com

**EXHIBIT "A" FOLLOWS**

16071645v1

## TRUSTEE'S PURCHASE AND SALE AGREEMENT

THIS PURCHASE AND SALE AGREEMENT (this "Agreement") is made and entered into by and between **S. GREGORY HAYS, as and only as Trustee in Bankruptcy for Estate of WONDALYN SHANTE BAILEY (Chapter 7 Case No. 20-62468-SMS)** (hereinafter referred to as "Seller") and **W. Y. INTERNATIONAL LLC** (hereinafter, "Purchaser");

### WITNESSETH:

1.  <u>Agreement to Sell and Purchase.</u>  For and in consideration of ONE DOLLAR ($1.00) in hand paid by Purchaser in favor of Seller, receipt of which is hereby acknowledged, the mutual covenants and agreements contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by Seller and Purchaser, Seller hereby agrees to sell and convey to Purchaser, and Purchaser hereby agrees to purchase and take from Seller, free and clear of all liens and encumbrances as approved by the Bankruptcy Court (hereinafter defined) and subject to and in accordance with all of the terms and conditions of this Agreement, all that tract or parcel of land lying and being in **Land Lot 188, 7th District, Henry County, being Lot 7 of Fairways at Cotton Fields Subdivision, commonly known as 233 Long Drive, McDonough, Georgia 30253,** together with all rights, ways and easements appurtenant thereto, and all buildings, structures and other improvements located on the land and all lighting fixtures, mechanical, plumbing, air conditioning and other systems and fixtures as are attached or affixed thereto (hereinafter called the "Property").

2.  <u>Purchase Price; Method of Payment.</u>  The aggregate purchase price for the Property (hereinafter referred to as the "Purchase Price") shall be **ONE HUNDRED EIGHTY-THOUSAND AND NO/100 DOLLARS ($180,000.00).** Purchaser shall pay to Seller at Closing (as subsequently defined) the Purchase Price, after crediting the Earnest Money, and subject to the pro-rations and adjustments hereinafter described, as follows:

> Purchaser shall pay the Purchase Price to Seller at Closing in cash or cash equivalent.  Purchaser's obligation to close shall not be subject to any financial contingency unless set forth hereafter on **EXHIBIT "C."**

3.  <u>Earnest Money.</u>  Prior to or contemporaneously with Purchaser's execution of this Agreement, Purchaser has delivered to Seller a check drawn upon good funds in the amount of **THREE THOUSAND SIX HUNDRED AND NO/100 DOLLARS ($3,600.00)** (the "Earnest Money").  Seller shall, within five (5) business days following receipt, place the Earnest Money in an escrow account of Seller's choosing. All parties to this Agreement acknowledge that Seller may deposit the Earnest Money in escrow/trust account and that Seller will be entitled to retain the interest earned on said Earnest Money deposit.  If the sale hereunder is consummated in accordance with the terms hereof, the Earnest Money shall be applied as part payment of the Purchase Price to be paid by Purchaser at the Closing.  In the event any earnest money check is not honored for any reason, by the bank upon which it is drawn, Seller shall promptly notify Purchaser. Purchaser shall have 3 banking days after notice to deliver good funds to Seller. In the event Purchaser does not timely deliver good funds, the Seller shall have the right to terminate

16065548v1

this Agreement upon written notice to the Purchaser. In the event of any default in the performance of the terms of this Agreement by Purchaser, the Seller may elect to accept the Earnest Money as liquidated damages in full settlement of any claim for damages and/or seek to enforce specific performance rights and obligations against the Purchaser under the terms of this Agreement. In the event Purchaser fails to pay any portion of the Purchase Price, Purchaser shall be considered to have breached the Agreement and Seller shall have the right to re-offer the Property for sale to others and to demand liquidated damages equal to the amount of the Earnest Money and/or demand specific performance. The parties acknowledge the difficulty of accurately estimating Seller's damages in the event of Purchaser's default and acknowledge that the amount of the Earnest Money is a reasonable pre-estimate of the probable loss to Seller resulting from Purchaser's default. In such event, the Earnest Money shall constitute liquidated damages and shall not be deemed a penalty. In the event this Agreement is terminated by Purchaser in accordance with any right of Purchaser to do so under the terms hereof, the Earnest Money shall be returned to Purchaser.

4.  <u>Access and Inspection; Examination by Purchaser, Examination Period.</u>

(a)  Purchaser acknowledges that Purchaser has had an opportunity to inspect the Property and accepts the Property in its present condition. Purchaser and Seller acknowledge that Seller has no obligation to correct any objections Purchaser may have or to make any repairs to the Property. The Property is sold "AS IS, WHERE IS" AND WITH ALL FAULTS, including but not limited to lead-  based paint hazards and damage from termite and other wood-destroying organisms.  Purchaser agrees to indemnify and hold harmless Seller from and against any and all loss, costs, claims, injuries, and/or damages arising out of or relating to the acts of Purchaser or Purchaser's agents on the Property.

(b)  Notwithstanding anything herein to the contrary, Seller's responsibility in connection with the Property shall cease upon Purchaser's acceptance of the Property.

5.  <u>Closing.</u>  The closing of the purchase and sale of the Property, hereinafter called "Closing", shall take place on or before **February 12, 2021, or within ten (10) days following approval of the sale by the Bankruptcy Court** as provided in paragraph 30 hereof (herein called the "Closing Date"), at the offices of Seller or **Campbell & Brannon, LLC, 5565 Glenridge Connector, Suite 350, Atlanta, Georgia 30342; Telephone: 770.396.8535,** or at such other place as Seller and Purchaser may mutually agree upon. At the Closing, all gross proceeds (the "Proceeds") from the sale of the Property shall be paid directly to Seller for disbursement by the Seller to any claimants in accordance with the approval of the Bankruptcy Court (as hereinafter defined). Any valid lien or security interests in the Property shall be transferred from the Property to the Proceeds. All liens or security interests in the Property shall be null and void as to the Property upon appropriate Order of the Bankruptcy Court, and without the necessity of any separate cancellations or releases.

 

6.    <u>Prorations and Adjustments to Purchase Price.</u>  The following prorations and adjustments shall be made between Purchaser and Seller at Closing, or thereafter if Purchaser and Seller shall agree:

(a)    All city, state and county ad valorem taxes and similar impositions levied or imposed upon or assessed against the Property, hereinafter called the "Taxes", for the year in which Closing occurs shall be prorated as of the Closing Date. In the event the Taxes for such year are not determinable at the time of Closing, such Taxes shall be prorated on the basis of the best available information and will not be prorated post-closing by Seller;

(b)    Any other items which are customarily prorated in connection with the purchase and sale of properties similar to the Property shall be prorated as of the Closing Date.

7.    [Intentionally omitted.]

8.    <u>Disposal Systems and Water Source.</u>  Purchaser shall determine the Disposal System and Water Source on the above-described Property.

9.    <u>Title Examination.</u>  Purchaser shall have a reasonable time after the date of this Agreement to examine title and to furnish Seller with a written statement of valid objections affecting the marketability of said title. Purchaser shall not be entitled to object to any of the following matters which affect title:  a) zoning ordinances affecting the Property, b) general utility, sewer and drainage easements of record, c) subdivision easements of record, d) any other leases, easements restrictions or encumbrances specified in this Agreement, and (e) liens and encumbrances that will be divested as a result of the approval of this sale by the Bankruptcy Court. Seller shall have a reasonable time after receipt of such objections to satisfy all valid objections. If Seller fails to satisfy such valid objections within a reasonable time, then, at the option of Purchaser evidenced by written notice to Seller, this Agreement shall be null and void. Marketable title as used herein shall mean title which an insurance company licensed to do business in the State of Georgia will insure at its regular rates, subject only to standard exceptions otherwise specified herein.  It is understood and agreed that the title herein required to be furnished by Seller shall be good and marketable, and marketability shall be determined in accordance with Georgia law as supplemented by the Title Standards of the State Bar of Georgia. It is agreed that any defect in the title which comes within the scope of any of said Title Standards shall not constitute a valid objection on the part of the Purchaser provided the Seller furnishes the affidavits or other title papers, if any, required in the applicable standard to cure such defect. It is further agreed that failure of Seller to cure any title objections shall not be deemed to be a default under this Agreement.

10.    <u>Proceedings at Closing.</u>  On the Closing Date, the Closing shall take place as follows:

(a)    Seller shall deliver to Purchaser the following documents and instruments, duly executed by or on behalf of Seller: (i) a Trustee's Deed, in the form of, and on the terms and conditions set forth in, that attached hereto as

Exhibit "A", conveying the Property by the legal description set forth in Paragraph 1 hereof; (ii) a Seller's Affidavit, in the form of, and on the terms and conditions set forth in, that attached hereto as Exhibit "B"; (iii) an affidavit of Seller's Residence in the form of and on the terms and conditions required by the Revenue Department for the State of Georgia; (iv) and such other instruments as are normal and customary in a purchase and sale transaction of this type; and

(b)    Purchaser shall pay the Purchase Price to Seller in accordance with the provisions of this Agreement.

11.    Costs of Closing.  Purchaser shall pay the State of Georgia real estate transfer tax payable on this transfer of the Property.  Seller shall pay Seller's attorneys' fees and any of the fees and expenses of his Selling Broker.  Except as otherwise expressly set forth on Exhibit "C" attached hereto and by this reference made a part hereof, Purchaser shall pay all loan closing costs, as well as all recording costs, the premium for any owner's policy of title insurance issued in favor of Purchaser insuring Purchaser's title to the Property, the cost of any survey of the Land obtained by Purchaser and Purchaser's and lender attorneys' fees.  All other costs and expenses of the transaction contemplated hereby shall be borne by the party incurring the same.

12.    Disclaimer of Warranties.  Except for the warranty of title to be included in the Trustee's Deed to be delivered to Purchaser by Seller, Seller does not, by the execution and delivery of this Agreement, and Seller shall not, by the execution and delivery of any document or instrument executed and delivered in connection with Closing, make any warranty, express or implied, of any kind or nature whatsoever, with respect to the Property, and all such warranties are hereby disclaimed.  Without limiting the generality of the foregoing, SELLER MAKES, AND SHALL MAKE, NO EXPRESS OR IMPLIED WARRANTY OF SUITABILITY OR FITNESS OF ANY OF THE PROPERTY FOR ANY PURPOSE, OR AS TO THE MERCHANTABILITY, TITLE, VALUE, QUALITY, QUANTITY, CONDITION OR SALABILITY OF ANY OF THE PROPERTY.  The sale of the Property by Seller to Purchaser hereunder shall be "AS IS" and "WHERE IS".

13.    Possession.  Seller shall surrender possession of the Property to Purchaser on the Closing Date, subject to the Permitted Exceptions.

14.    [Intentionally omitted.]

15.    Remedies.  [Intentionally omitted.]

16.    Damage or Destruction.  Should the Property be destroyed or substantially damaged before time of Closing, Seller, immediately upon his knowledge of such damage or destruction, shall notify the Purchaser and Broker.

17.    Condemnation.  In the event of commencement of eminent domain proceedings or bona fide threat of such proceedings respecting any portion of the Property prior to Closing, Seller shall give Purchaser prompt written notice after Seller becomes aware thereof.  If, prior to Closing, all or any material part of the Property is taken by eminent domain proceedings,

16065548v1

Purchaser shall have the right, at Purchaser's option, to terminate this Agreement by giving written notice to Seller on or before the date ten (10) days after the date upon which Seller gives Purchaser written notice of such taking, in which event the Earnest Money shall be refunded to Purchaser promptly upon request, all rights and obligations of the parties under this Agreement shall expire, and this Agreement shall become null and void. In the event of a taking of less than all or a material part of the Property, Purchaser shall have no right to terminate this Agreement by reason of such taking; however, Seller shall assign to Purchaser all rights of Seller in and to the awards or other proceeds payable thereafter by reason of such taking.

    8.   <u>Association/Assessment Fees.</u>  Purchaser shall determine if any mandatory association/ assessment fees are payable. Seller makes no representation about any such association and/or assessment fees.

    19.   <u>Disclaimer.</u>

      (a)   **Independent Expert Advice.** Purchaser acknowledges that Purchaser has not relied upon the advice or representations of Seller or of Seller's agents, attorneys, or employees, with reference to any matter, including but not limited to: legal and tax consequences of this Agreement in the sale of the Property; the terms and conditions of financing; the purchase and ownership of the Property; the structural condition of the Property; the operating condition of the electrical, heating, air conditioning, plumbing, water heating systems, pool, spa and appliances in the Property; the availability of utilities to the Property; the investment potential or resale value of the Property; the availability and ownership of amenity package, if applicable; restrictive covenants and architectural controls; or any other system or condition enumerated in the "Inspection of Property" paragraph above; planned or proposed zoning; proposed or planned changes to or widening of roadways; or any other condition or circumstance which may adversely affect the Property. Purchaser acknowledges that if such, or similar, matters have been of concern to Purchaser, Purchaser has sought and obtained independent advice relative thereto. Purchaser acknowledges that Closing shall constitute acceptance of the Property.

      (b)   **Property Conditions.** Purchaser acknowledges that various substances used in the construction of the improvements on the Property or otherwise located on the Property may now or in the future be determined to be toxic, hazardous or undesirable and may need to be specially treated, handled and /or removed from the Property. Persons who have an interest in the Property may be required by law to undertake the cleanup of such substances. Purchaser acknowledges that: Seller has no expertise with respect to toxic wastes, hazardous substances or undesirable substances; such substances can be extremely costly to correct and remove. Seller has made no investigations or representations with respect to such substances; and Seller shall have no liability to Purchaser regarding the presence of said substances on the Property. Purchaser releases Seller and Seller's agents, attorneys, and employees from any claim, rights of action or suits

16065548v1




relating to the presence of any hazardous substances, toxic wastes, or undesirable substances on the Property.

20.    <u>Assignment.</u>  This Agreement may not be assigned by Purchaser, in whole or in part, without the prior written consent of Seller.  No assignment shall relieve Purchaser of liability for the performance of Purchaser's duties and obligations under this Agreement.

21.    <u>Parties.</u>  This Agreement shall be binding upon and enforceable against, and shall inure to the benefit of, Purchaser and Seller and their respective heirs, legal representatives, successors and assigns.  The parties acknowledge that Seller is a court-appointed Bankruptcy Trustee and has no independent knowledge of the Property and has never seen the Property.

22    <u>Broker and Commission.</u>  All negotiations relative to this Agreement and the purchase and sale of the Property as contemplated by and provided for in this Agreement have been conducted by and between Seller and Purchaser without the intervention of any person or other party as agent or broker other than Listing Broker and Selling Broker. Purchaser and Seller each represents and warrants to the other that, with the exception of any commission or fees provided for in the United States Bankruptcy Code, Title 11, United States Code, to be paid from Seller's proceeds, there are and there will be no agent's, broker's, or other intermediary's fees or commissions payable as a consequence of this transaction, and that they have not dealt with a broker, agent, or intermediary, who might by reason of such dealing have any claim for a fee, commission or other compensation with respect to the purchase and sale of the Property except **for a fee of six percent (6.0%) of the Purchase Price that shall be divided and paid to Listing Broker and Selling Broker.** Notwithstanding any provision to the contrary contained herein, any obligation of Seller to pay any fee described in this paragraph 22 shall be subject to Bankruptcy Court Approval of this Agreement as described in paragraph 31 hereof.  Seller and Purchaser agree to indemnify, hold harmless, defend and protect the other from and against any and all claims for commissions, compensation, expense or charge of whatever nature, including but not limited to leasing commission, on the part of any broker, agent or other intermediary claiming by reason of any dealing with them except as set forth in this paragraph 22.

23.    <u>Modification.</u>  This Agreement supersedes all prior discussions and agreements between Seller and Purchaser with respect to the purchase and sale of the Property and other matters contained herein, and this Agreement contains the sole and entire understanding between Seller and Purchaser with respect thereto.  This Agreement shall not be modified or amended except by an instrument in writing executed by or on behalf of Seller and Purchaser.

24.    <u>Applicable Law.</u>  This Agreement shall be governed by, construed under and interpreted and enforced in accordance with the laws of the United States of America and the State of Georgia. The parties agree that the Bankruptcy Court is a proper venue for any legal proceeding concerning this Agreement.

25.    <u>Counterparts.</u>  This Agreement may be executed in several counterparts, each of which shall be deemed an original, and all of such counterparts together shall constitute one and the same instrument.

26.    <u>Time.</u>  Time is and shall be of the essence of this Agreement.

16065548v1

27.  <u>Captions.</u>  The captions and headings used in this Agreement are for convenience only and do not in any way restrict, modify or amplify the terms of this Agreement.

28.  <u>Exhibits.</u>  Each and every Exhibit referred to or otherwise mentioned in this Agreement is attached to this Agreement and is and shall be construed to be made a part of this Agreement by such reference or other mention at each point at which such reference or other mention occurs, in the same manner and with the same effect as if each Exhibit were set forth in full and at length every time it is referred to or otherwise mentioned.

29.  <u>Notices.</u>  All notices, requests, demands, tenders, and other communications under this Agreement shall be in writing.  Any such notice, request, demand, tender or other communication shall be deemed to have been duly given when actually delivered, or one (1) day after being delivered to a nationally recognized commercial courier for next day delivery, or when deposited in the United States Mail, Certified Mail, Return Receipt Requested, with all postage prepaid, to the address for each party set forth below its execution of this Agreement.  Rejection or other refusal to accept, or inability to deliver because of changed address of which no notice was given, shall be deemed to be receipt of such notice, request, demand, tender, or other communication.  Any party, by written notice to the others in the manner herein provided, may designate an address different from that stated above.

30.  <u>Survival.</u>  The provisions of paragraphs 12 and 19 of this Agreement, and the indemnification provisions of paragraphs 4 and 22 of this Agreement, shall survive the consummation of the purchase and sale of the Property on the Closing Date, the delivery of the deed and the payment of the Purchase Price.  Notwithstanding anything to the contrary set forth in this Agreement, the provisions of paragraphs 12 and 19 of this Agreement, and the indemnification provisions of paragraphs 4 and 22 of this Agreement shall also survive any termination of this Agreement in accordance with its terms.

31.  <u>Bankruptcy Court Approval.</u>  Notwithstanding any other provision in this Agreement to the contrary, this Agreement shall be subject to and contingent upon the approval of the Bankruptcy Court (herein the "Bankruptcy Court") in that certain case pending in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division, under Case No. 20-62468-SMS (the "Bankruptcy Case") authorizing the sale of the Property free and clear of all liens and encumbrances in accordance with the terms of this Agreement and with same to the extent valid, enforceable and unavoidable attaching to the net sale proceeds.  In the event the Bankruptcy Court fails to approve this Agreement on or prior to the date which is forty-five (45) days from the date of this Agreement, Seller may by notice to Purchaser terminate this Agreement, whereupon the Earnest Money shall be promptly refunded to Purchaser except as provided hereinabove with respect to a Purchaser's default, and this Agreement shall become null and void and the parties shall be relieved of and released from any and all further rights, duties, obligations and liabilities hereunder.  Seller reserves the right to contest and compromise any real estate ad valorem tax liability for the Property.  Purchaser agrees to cooperate with Seller regarding same so long as Seller bears all costs and expenses in connection therewith.

16065548v1



32.   Home Warranty.  Purchaser may obtain a home warranty at Purchaser's expense.

33.   Locks Changed.  Purchaser shall change the locks to the Property at Purchaser's expense. NOT APPLICABLE.

34.   Counterparts.  This Agreement may be executed in one or more counterparts, each of which is an original, and all of which constitute only one agreement between the Parties. Counterparts of this Agreement also may be exchanged via electronic transmission such as facsimile machines or computer, and any Party's signature transmitted by such electronic transmission shall be deemed to be an original signature for all purposes.

35.   Special Stipulations.  The special stipulations, if any, attached hereto as EXHIBIT "C" if conflicting with any preceding paragraphs shall control; the preceding paragraphs shall not control.

This Agreement shall be open for acceptance **until 11:59 p.m. on the January 12, 2021**, which acceptance date shall constitute the effective date of this Agreement.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement under seal, as of the day and year first written above.

Accepted by Seller this ⧸⧸ day of January, 2021.

SELLER:

_____ [SEAL]
S. GREGORY HAYS, AS AND ONLY AS
TRUSTEE IN BANKRUPTCY FOR THE
ESTATE OF WONDALYN SHANTE BAILEY

Initial address for notices:

c/o Arnall Golden Gregory LLP
171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363

16065548v1



LISTING BROKER:
HUMPHRIES & KING REALTY, LLC
License No. H-76339

By: _____ [SEAL]

Printed Name: John Ball, License No 386751
Title:          Realtor

830 Glenwood Avenue
Suite 510-205
Atlanta, GA 30316
Telephone: (404) 418-2772
Email: john@hkatlanta.com

Accepted by Purchaser this _11th_ day of January, 2021.

PURCHASER:

_____ [SEAL]
W. Y. INTERNATIONAL LLC

SELLING BROKER:
ASPIRE REAL ESTATE, LLC
License No. H-77205

By:

_____ [SEAL]
Printed Name: Xiaoqing Yang
               License No. 352516
Title:          Realtor

1774 Holly Springs Road
Marietta, GA 30062
Telephone: (404) 510-2447
Email: cyabg1819@gmail.com

16065548v1

## PURCHASE AND SALE AGREEMENT

### Index to Exhibits

Exhibit "A"    -    Form of Trustee's Deed of Real Estate

Exhibit "B"    -    Form of Seller's Affidavit

Exhibit "C"    -    Special Stipulations (If Any)

16065548v1



## EXHIBIT "A"

## Form of Trustee's Deed of Real Estate

Return to:
Michael Campbell
Campbell & Brannon LLC
5565 Glenridge Parkway, Suite 350
Atlanta, GA 30342

STATE OF GEORGIA

COUNTY OF FULTON

## TRUSTEE'S DEED OF REAL ESTATE

THIS INDENTURE, made this **12th** day of **February, 2021,** between S. **GREGORY HAYS,** as **and only as Trustee in Bankruptcy for the Estate of WONDALYN SHANTE BAILEY,** the Debtor, in a case now pending in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division, under Case No. **20-62468-SMS,** filed on **February 9, 2020** (hereinafter called "Grantor"), and **W. Y. INTERNATIONAL LLC** (hereinafter called "Grantee").

Grantor, as owner of record and pursuant to his power as Trustee, as set forth in the copy of the Notice of Chapter 7 Bankruptcy Case, attached as **EXHIBIT "A,"** and by virtue of the power and authority given in and by that Order (the "Sale Order") entered upon the Trustee's Motion to Sell Property Free and Clear of Liens Pursuant to 11 U.S.C. §363(b) and (f), which Sale Order was entered by the United States Bankruptcy Court for the Northern District of Georgia on February __, 2021, a copy of which is attached as **EXHIBIT B,"** and in consideration of TEN DOLLARS ($10.00), lawful money of the United States paid by the Grantee, receipt whereof is hereby acknowledged, and other good and valuable consideration, does hereby grant, bargain, sell, convey and release unto the Grantee, its heirs and assigns forever:

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 188 OF THE 7TH DISTRICT, HENRY COUNTY, GEORGIA, BEING LOT 7 OF FAIRWAYS AT COTTON FIELDS SUBDIVISION, AS PER PLAT RECORDED IN PLAT BOOK 36, PAGES 57-59, RECORDS OF HENRY COUNTY, GEORGIA, WHICH PLAT IS BY REERENCE INCORPORATED HEREIN AND MADE A PART HEREOF.

SAID PROPERTY KNOWN GENERALLY AS 233 LONG DRIVE, McDONOUGH, HENRY COUNTY, GEORGIA 30253.

Grantor's Initials

16065548v1

with the appurtenances and all of the estate which the said **WONDALYN SHANTE BAILEY**, the Debtor, had in said premises at the time of the filing of her Voluntary Petition for Relief in the United States Bankruptcy Court for the Northern District of Georgia, and also the estate therein which the Grantor had or has power to convey or dispose of as Trustee in Bankruptcy for said Debtor, **WONDALYN SHANTE BAILEY**, pursuant to the Sale Order (collectively the "Property").

TO HAVE AND TO HOLD the Property herein granted unto the Grantee, its heirs and assigns forever.

IN WITNESS WHEREOF, Grantor has hereunto set his hand and seal the day and year first above written.

GRANTOR:

Signed, sealed and delivered on
the 12th day of February, 2021, in
the presence of:

_____  [SEAL]
**S. GREGORY HAYS**, as and only as
Trustee in Bankruptcy for the Estate of
**WONDALYN SHANTE BAILEY**, pursuant to
the Bankruptcy Court Order Authorizing the
Sale of the Property

_____
Unofficial Witness

_____
Notary Public
My Commission Expires: _____

[NOTARY SEAL]

## TRUSTEE'S DEED OF REAL ESTATE

### Index to Exhibits

Exhibit "A"   -   Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines

Exhibit "B"   -   Sale Order

16065548v1





EXHIBIT "A" of TRUSTEE'S DEED OF REAL ESTATE

Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines

16065548v1



Case 20-62468-sms    Doc 7    Filed 02/10/20    Entered 02/10/20 07:30:09    Desc Ch 7
First Meeting I/J No POC    Page 1 of 2

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Wondalyn Shante Bailey** | Social Security number or ITIN  xxx–xx–7241 |
| | First Name    Middle Name    Last Name | EIN  _ _ – _ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name    Middle Name    Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN  _ _ – _ _ _ _ _ _ _ |
| United States Bankruptcy Court  **Northern District of Georgia** Court website: www.ganb.uscourts.gov | | |
| Case number:  **20–62468–sms** | | Date case filed for chapter 7  **2/9/20** |

## Official Form 309A (For Individuals or Joint Debtors)
## Notice of Chapter 7 Bankruptcy Case -- No Proof of Claim Deadline    12/15

For the debtors listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered.

This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

The debtors are seeking a discharge. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice. (See line 9 for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at  www.pacer.gov). Copy fees or access charges may apply. A free automated response system is available at 866–222–8029 (Georgia Northern). You must have case number, debtor name, or SSN when calling.

**The staff of the bankruptcy clerk's office cannot give legal advice.**

To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.

Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.

| | About Debtor 1: | About Debtor 2: |
|---|---|---|
| 1. Debtor's full name | Wondalyn Shante Bailey | |
| 2. All other names used in the last 8 years | | |
| 3. Address | 233 Long Drive McDonough, GA 30253 | |
| 4. Debtor's attorney Name and address | Eric E. Thorstenberg Delghan Law LLC Suite 101 333 Sandy Springs Circle Atlanta, GA 30328 Contact phone 404-843-8491 Email: _athorstenberglaw@gmail.com | |
| 5. Bankruptcy trustee Name and address | S. Gregory Hays Hays Financial Consulting, LLC Suite 555 2964 Peachtree Road Atlanta, GA 30305 | Contact phone (404) 926-0060 |

Official Form 309A (For Individuals or Joint Debtors) Notice of Chapter 7 Bankruptcy Case -- No Proof of Claim Deadline

For more information, see page 2 >

page 1




Case 20-62468-sms   Doc 7   Filed 02/10/20   Entered 02/10/20 07:30:09   Desc Ch 7
First Meeting I/J No POC   Page 2 of 2

Debtor **Wondalyn Shante Bailey**

Case number **20-62468-sms**

| | | |
|---|---|---|
| **6.** **Bankruptcy clerk's office** Documents in this case may be filed at this address. You may inspect all records filed in this office or online at www.pacer.gov. | M. Regina Thomas Clerk of Court 1340 United States Courthouse 75 Ted Turner Drive SW Atlanta, GA 30303 | Office Hours: 8:00 a.m. – 4:00 p.m. Court website: www.ganb.uscourts.gov Contact phone 404-215-1000 |
| **7.** **Meeting of creditors** Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Bring a copy of this notice with you. Creditors may attend, but are not required to do so. Cellular phones and other devices with cameras are not allowed in the building. | **March 17, 2020 at 10:00 AM** The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. TO THE DEBTOR: Bring an original government issued photo ID and confirmation of social security number. Provide the Trustee a copy of your most recently filed tax return seven days prior to the meeting, but DO NOT FILE WITH THE COURT. | Location: Third Floor – Room 365, Russell Federal Building, 75 Ted Turner Drive SW, Atlanta, GA 30303 |
| **8.** **Presumption of abuse** If the presumption of abuse arises, you may have the right to file a motion to dismiss the case under 11 U.S.C. § 707(b). Debtors may rebut the presumption by showing special circumstances. | The presumption of abuse does not arise. | |
| **9.** **Deadlines** The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **File by the deadline to object to discharge or to challenge whether certain debts are dischargeable:** **You must file a complaint:** • if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727(a)(2) through (7), or • if you want to have a debt excepted from discharge under 11 U.S.C § 523(a)(2), (4), or (6) **You must file a motion:** • if you assert that the discharge should be denied under § 727(a)(8) or (9). | **Filing deadline: 5/18/20** |
| | **Deadline to object to exemptions:** The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |
| **10. Proof of claim** Please do not file a proof of claim unless you receive a notice to do so. | No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline. | |
| **11. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| **12. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 9. | |

Official Form 309A (For Individuals or Joint Debtors) Notice of Chapter 7 Bankruptcy Case -- No Proof of Claim Deadline

page 2

## EXHIBIT "B" of TRUSTEE'S DEED OF REAL ESTATE

### Sale Order

16065548v1





<u>EXHIBIT "B"</u>

<u>Seller's Affidavit</u>



STATE OF GEORGIA
COUNTY OF FULTON

## SELLER'S AFFIDAVIT

The undersigned, being duly sworn, states:

That the undersigned is the duly authorized and appointed Trustee in Bankruptcy for the Estate of Wondalyn Shante Bailey, United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division, Case No. 20-62468-SMS, subject to a bankruptcy court order authorizing the sale of the Property described hereafter ("Seller") and is duly authorized to execute this affidavit;

That Seller, in his capacity as the Bankruptcy Trustee, is the owner of the real property described in **Exhibit "A"** attached hereto and incorporated herein by reference (the "Property");

That Seller has never seen the Property and makes no warranties or representations in regard thereto. Seller has no knowledge of any disputes concerning the location of the lines and corners of the Property;

That Seller has no knowledge of any improvements or repairs which have been made by or at the instance of Seller on the Property during the three (3) months immediately preceding the date of this affidavit and has never seen the Property;

That, except for the matters set forth on **Exhibit "B"** attached hereto and incorporated herein by reference, to the best of the knowledge of the undersigned, in his capacity as the Bankruptcy Trustee, there are no outstanding indebtedness for or liens against any equipment or fixtures attached to, installed on, the Property or any improvements thereon;

That, to the best of the knowledge of Seller, there are no pending suits, proceedings, judgments, other bankruptcies, liens or executions against Seller, in his capacity as the Bankruptcy Trustee, which affect title to the Property, the improvements thereon or the fixtures attached thereto; and

That Seller is making this affidavit with the knowledge that it will be relied upon by W. Y. INTERNATIONAL LLC in purchasing the Property from Seller and by purchaser's lender in making a loan on the Property and by a title insurance company insuring the status of title to the Property.

Sworn to and subscribed before me
this 12th day of February, 2021.

_____
Notary Public
My Commission expires: _____

[NOTARY SEAL]

_____[SEAL]
**S. GREGORY HAYS**, as and only as Trustee in Bankruptcy of the Estate of **Wondalyn Shante Bailey**, pursuant to Bankruptcy Court Order Authorizing the Sale of the Property

16065548v1




## SELLER'S AFFIDAVIT

### Index to Exhibits

Exhibit "A"  -  Legal Description of the Property

Exhibit "B"  -  Permitted Exceptions



EXHIBIT "A"

Legal Description of the Property

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 188 OF THE 7TH DISTRICT, HENRY COUNTY, GEORGIA, BEING LOT 7 OF FAIRWAYS AT COTTON FIELDS SUBDIVISION, AS PER PLAT RECORDED IN PLAT BOOK 36, PAGES 57-59, RECORDS OF HENRY COUNTY, GEORGIA, WHICH PLAT IS BY REERENCE INCORPORATED HEREIN AND MADE A PART HEREOF.

SAID PROPERTY KNOWN GENERALLY AS 233 LONG DRIVE, MCDONOUGH, HENRY COUNTY, GEORGIA 30253.

16065548v1



## EXHIBIT "B"

### Permitted Exceptions

1. *Ad valorem* real property taxes and assessments outstanding, and the Estate's pro-rated share of 2021.

2. All other matters disclosed by the public records.

3. Zoning ordinances affecting the property.



## EXHIBIT "C"

### Special Stipulations

1. Purchaser understands the Property is being sold "as is, where is."

2. Purchaser understands there is no disclosure statement included as part of this Agreement.

3. Purchaser has tendered the earnest money to Campbell & Brannon, LLC in the amount of THREE THOUSAND SIX HUNDRED AND NO/100 DOLLARS ($3,600.00).

4. This Agreement represents an ALL-CASH transaction and is subject to no contingencies.

5. Seller will pay none of Purchaser's closing costs.

6. Subject to approval of the sale by the Bankruptcy Court, the closing on the sale will take place on or before February 12, 2021, or within ten (10) days following the Bankruptcy Court approval.

16065548v1



## CERTIFICATE SERVICE

This is to certify that I, Michael J. Bargar, am over the age of 18 and that on this day I have caused to be served a copy of the forgoing *Trustee's Motion for Authority to (A) Sell Property of the Bankruptcy Estate Free and Clear of All Liens, Interests and Encumbrances, and (B) Disburse Certain Proceeds at Closing* by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage affixed thereon to assure delivery by first class United States Mail to the following persons at the addresses stated:

Office of the United States Trustee
362 Richard B. Russell Bldg.
75 Ted Turner Drive, SW
Atlanta, GA 30303

S. Gregory Hays
Hays Financial Consulting, LLC
Suite 555, 2964 Peachtree Road
Atlanta, GA 30305

Carrington Mortgage Services, LLC
c/o C T Corporation System
289 S. Culver Street
Lawrenceville, GA 30046-4805

Ray Brousseau, President
Carrington Mortgage Services, LLC
1600 South Douglass Road
Suite 110 & 200-A
Anaheim, CA 92806

Bruce Rose, CEO
Carrington Mortgage Services, Inc.
1600 South Douglass Road
Suite 110 & 200-A
Anaheim, CA 92806

Michael C. Harris
Henry County Tax Commissioner
140 Henry Parkway
McDonough, GA 30253

The Fairway's at Cottonfields
Homeowners Association, Inc.
c/o Sentry Management Inc., its R. A.
303 Corporate Center Drive, Suite 300A
Stockbridge, GA 30281

Barbara Boggess, CEO
The Fairway's at Cottonfields
Homeowners Association, Inc.
2180 West Sr. 434 Suite 5000
Longwood, FL 32779

Wondalyn Shante Bailey
233 Long Drive
McDonough, GA 30253

Eric E. Thorstenberg
Deighan Law LLC
Suite 101
333 Sandy Springs Circle
Atlanta, GA 30328

Michael Campbell
Attention: Denise Hammock
Campbell & Brannon, LLC
Attention: Denise Hammock
5565 Glenridge Connector
Suite 350
Atlanta, GA 30342

16071645v1

This 13th day of January, 2021.

/s/ Michael J. Bargar
Michael J. Bargar
Georgia Bar No. 645709