**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

In re: BAILEY, WONDALYN SHANTE       §    Case No. 20-62468-SMS
                                     §
                                     §
                                     §
         Debtor(s)

---

**NOTICE OF TRUSTEE'S FINAL REPORT AND**
**APPLICATIONS FOR COMPENSATION**
**AND DEADLINE TO OBJECT (NFR)**

Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that <u>S. Gregory Hays</u>, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:

1340 Richard B. Russell Bldg.
75 Ted Turner Drive, SW
Atlanta, GA 30303

Please take further notice that the Court will hold a hearing on the Trustee's Final Report and Applications for Compensation in Courtroom 1201, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia, at 10:15 a.m. on September 15, 2021.

Given the current public health crisis, please check the "Important Information Regarding Court Operations During COVID-19 Outbreak" tab at the top of the GANB Website prior to the hearing.

The calendar call will be telephonic although personal appearances will be permitted. All matters marked ready will be heard immediately after the conclusion of the call of the 10:15 a.m. calendar. The attorney or party for the ready matters that will be heard immediately at the conclusion of the call of the 10:15 a.m. calendar must appear via Judge Sigler's Virtual Hearing Room pursuant to the instructions at https://www.ganb.uscourts.gov/content/honorable-sage-m-sigler or in person at the option of the person appearing. Anyone appearing in person in the courtroom must wear a mask at all times.

Your rights may be affected by the Court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is Clerk, U.S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, Atlanta Georgia 30303. You must also mail a copy of your response to the undersigned at the address stated below.

**UST Form 101-7-NFR (10/1/2010)**

Date Mailed: 07/28/2021          By: /s/ S. Gregory Hays

                                                       Chapter 7 Trustee

S. Gregory Hays
2964 Peachtree Road, NW, Ste. 555
Atlanta, GA 30305
(404) 926-0060

**UST Form 101-7-NFR (10/1/2010)**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

In re: BAILEY, WONDALYN SHANTE     §     Case No. 20-62468-SMS
                                   §
                                   §
                                   §
         Debtor(s)

## SUMMARY OF TRUSTEE'S FINAL REPORT
## AND APPLICATIONS FOR COMPENSATION

| | |
|---|---:|
| *The Final Report shows receipts of:* | $ 180,000.00 |
| *and approved disbursements of:* | $ 134,300.83 |
| *leaving a balance on hand of[1]:* | $ 45,699.17 |

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| None | | | | | |

| | |
|---|---:|
| Total to be paid to secured creditors: | $ 0.00 |
| Remaining balance: | $ 45,699.17 |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---:|---:|---:|
| Trustee, Fees - S. Gregory Hays | 11,160.07 | 0.00 | 11,160.07 |
| Trustee, Expenses - S. Gregory Hays | 70.21 | 0.00 | 70.21 |
| Accountant for Trustee, Fees - Hays Financial Consulting, LLC | 1,830.00 | 0.00 | 1,830.00 |
| Accountant for Trustee, Expenses - Hays Financial Consulting, LLC | 76.53 | 0.00 | 76.53 |
| Attorney for Trustee Fees (Other Firm) - Arnall Golden Gregory LLP | 5,076.25 | 0.00 | 5,076.25 |
| Attorney for Trustee Expenses (Other Firm) - Arnall Golden Gregory LLP | 440.40 | 0.00 | 440.40 |

[1]The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-NFR (10/1/2010)**

| | | Total to be paid for chapter 7 administrative expenses: | $ | 18,653.46 |
|---|---|---|---|---|
| | | Remaining balance: | $ | 27,045.71 |

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

| | Total to be paid for prior chapter administrative expenses: | $ | 0.00 |
|---|---|---|---|
| | Remaining balance: | $ | 27,045.71 |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $4,656.58 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 2P | GA Dept. of Revenue | 944.88 | 0.00 | 944.88 |
| 4P-1 | I.R.S. Insolvency Unit | 0.00 | 0.00 | 0.00 |
| 4P-2 | I.R.S. Insolvency Unit | 3,711.70 | 0.00 | 3,711.70 |

| | Total to be paid for priority claims: | $ | 4,656.58 |
|---|---|---|---|
| | Remaining balance: | $ | 22,389.13 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $20,184.43 have been allowed and will be paid pro rata only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 100.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Castle Credit Co Holdings, LLC | 2,855.67 | 0.00 | 2,855.67 |
| 3 | PYOD, LLC Resurgent Capital Services | 973.49 | 0.00 | 973.49 |
| 5 | Capital One Bank (USA), N.A. | 11,656.42 | 0.00 | 11,656.42 |
| 6 | Capital One Bank (USA), N.A. | 3,582.70 | 0.00 | 3,582.70 |

**UST Form 101-7-NFR (10/1/2010)**

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---:|---:|---:|
| 7 | Quantum3 Group LLC as agent for | 862.75 | 0.00 | 862.75 |
| 8 | Resurgent Receivables, LLC | 253.40 | 0.00 | 253.40 |

| | | |
|---|---:|---:|
| Total to be paid for timely general unsecured claims: | $ | 20,184.43 |
| Remaining balance: | $ | 2,204.70 |

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid pro rata only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---:|---:|---:|
| | | None | | |

| | | |
|---|---:|---:|
| Total to be paid for tardily filed general unsecured claims: | $ | 0.00 |
| Remaining balance: | $ | 2,204.70 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $1,298.85 have been allowed and will be paid pro rata only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 100.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---:|---:|---:|
| 2U | GA Dept. of Revenue | 110.90 | 0.00 | 110.90 |
| 4U-1 | I.R.S. Insolvency Unit | 0.00 | 0.00 | 0.00 |
| 4U-2 | I.R.S. Insolvency Unit | 1,187.95 | 0.00 | 1,187.95 |

| | | |
|---|---:|---:|
| Total to be paid for subordinated claims: | $ | 1,298.85 |
| Remaining balance: | $ | 905.85 |

**UST Form 101-7-NFR (10/1/2010)**

      To the extent funds remain after payment in full of all allowed claims, interest will be paid at the legal rate of 1.49% pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $607.17. The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

      The amount of surplus returned to the debtor after payment of all claims and interest is $298.68.

Prepared By: /s/ S. Gregory Hays
Chapter 7 Trustee

S. Gregory Hays
2964 Peachtree Road, NW, Ste. 555
Atlanta, GA 30305
(404) 926-0060

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**UST Form 101-7-NFR (10/1/2010)**